UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

In the matter of the search of:
Information associated with an iCloud
Account ((442) 500-9951)
that is stored at premises
controlled by Apple Inc.

Case No. 1:22-mj- 271
Magistrate Judge Steger

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Jedidiah J Hutchison, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises owned, maintained, controlled, or operated by Apple Inc. ("Apple"), an electronic communications service and/or remote computing service provider headquartered at One Apple Park Way, Cupertino, California. This case arises out of the murder of a United States Postal Employee in Chattanooga, Tennessee, on October 30, 2022. The suspected assailant, also a Postal Employee, also died shortly after the murder. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Apple to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I am a Postal Inspector with the United States Postal Inspection Service. I have been employed in this capacity since 2010. I am currently assigned to the United States Postal Inspection Service Office in Chattanooga, Tennessee. I am responsible for investigating crimes involving the United States Postal Service (USPS), its employees, and its customers. These crimes include but are not limited to employee assaults, mail fraud, wire fraud, mail theft, identity theft, and prohibited mailings including child pornography and illegal narcotics.

3. I am a Law Enforcement Officer under the authority of Title 18, United States Code, Section 3061. As such, I am authorized to make arrests with or without warrants for offenses made in my presence or when I have reasonable grounds to believe the person has committed or is committing a felony against the United States. I am also authorized under this statute to carry firearms and make seizures of property as provided by law.

4. Title 18 U.S.C. §§ 1111 and 1114 make it an offense for any person to kill or attempt to kill any person who is an employee of the United States Government while in performance of their official duties.

5. What follows is not meant to set forth all exhaustive investigative knowledge of this case or investigative techniques used, but only those facts necessary in order to establish probable cause.

6. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. §§ 1111 and 1114 have been committed by a person operating iCloud account associated with phone number (442) 500-9951. There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

2

## JURISDICTION

7.   This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated.

## PROBABLE CAUSE

8.   The United States, through the United States Postal Inspection Service is investigating the murder of a Postal Employee in violations of 18 U.S.C. §§ 1111 and 1114.

9.   On October 28, 2022, an employee (herein known as VICTIM) with the United States Postal Service (USPS) was working as a temporary supervisor at the Chattanooga Processing and Distribution Facility (P&DC) located 6050 Shallowford Road, Chattanooga, Tennessee.

10.   Brian SIMMONS was assigned as a Mail Handler with USPS at the Shallowford Road facility during the evening of Friday, October 28, until Saturday morning October 29, 2022.

11.   VICTIM noticed that Brian SIMMONS was in violation of USPS rules and asleep in the employee parking lot while he was assigned as a mail handler.

12.   VICTIM then notified SIMMONS that he was being sent home and asked him to return Sunday evening (10/30/2022) for disciplinary interview.

13.   SIMMONS arrived on 10/30/2022 sometime after 8:00 p.m. but before 10:15 p.m. and waited in the Manager of Distribution's Office inside the USPS P&DC.

14.   Another supervisor noticed SIMMONS waiting in the office.  SIMMONS stated he was there to see VICTIM and another supervisor.  SIMMONS then left the office and walked

3

to another location in the building where he identified VICTIM and shot him with a .40 caliber handgun approximately 29 times in back, face, and body. VICTIM died as a result of these gunshot wounds.

15. SIMMONS then left the Post Office building, and entered a pickup truck registered to himself and drove approximately 6.3 miles before crashing the pickup truck into a building located at 5241 Hwy 153 suite 151, Chattanooga. SIMMONS was discovered to have suffered a single self-inflicted gunshot wound to temple; SIMMONS died.

16. Law enforcement discovered that SIMMONS placed a phone call to his parents immediately preceding the crash.

17. SIMMONS has had previous interactions with Law Enforcement including a December 2021 incident in which a Postal Employee told a USPS supervisor that SIMMONS and she were in a romantic relationship and SIMMONS threatened to kill her and himself. Postal Inspectors contacted SIMMONS on the phone number (442) 500-9951, the same number that is attached to this iCloud search warrant and affidavit.

18. SIMMONS also had interactions with the Chattanooga Police Department who filed reports on the interactions as recently as March 2022 in which SIMMONS provided phone number (442) 500-9951.

19. I have researched Open-Source Intelligence (OSINT) and discovered that (442) 500-9951 is associated to a "Brian Simmons."

20. I have confirmed that phone number (442) 500-9951 is associated to an iCloud account.

21. Postal Inspectors have interviewed individuals who sent and/or received phone calls, text messages, and photos between themselves and Brian SIMMONS within the past year,

4

including messages and phone calls sent and received on October 30, 2022, preceding, and following the murder.

22. Based on my training and experience, I have learned that persons who commit crimes such as the attack and murder committed by SIMMONS use email and internet to communicate with like-minded individuals, receive inspiration including moral and other support, and otherwise prepare for such crimes by querying similar crimes in the months leading up to these types of violent attacks.

## BACKGROUND CONCERNING APPLE[1]

23. Apple is a United States company that produces the iPhone, iPad, and iPod Touch, all of which use the iOS operating system, and desktop and laptop computers based on the Mac OS operating system.

24. Apple provides a variety of services that can be accessed from Apple devices or, in some cases, other devices via web browsers or mobile and desktop applications ("apps"). As described in further detail below, the services include email, instant messaging, and file storage:

    a. Apple provides email service to its users through email addresses at the domain names mac.com, me.com, and icloud.com.

---

[1] The information in this section is based on information published by Apple on its website, including, but not limited to, the following document and webpages: "U.S. Law Enforcement Legal Process Guidelines," available at https://www.apple.com/legal/privacy/law-enforcement-guidelines-us.pdf; "Create and start using an Apple ID," available at https://support.apple.com/en-us/HT203993; "iCloud," available at http://www.apple.com/icloud/; "What does iCloud back up?," available at https://support.apple.com/kb/PH12519; "iOS Security," available at https://www.apple.com/business/docs/iOS_Security_Guide.pdf, and "iCloud: How Can I Use iCloud?," available at https://support.apple.com/kb/PH26502.

5

Case 1:22-mj-00271-CHS   Document 2   Filed 11/04/22   Page 5 of 17   PageID #: 6

b.  iMessage and FaceTime allow users of Apple devices to communicate in real-time. iMessage enables users of Apple devices to exchange instant messages ("iMessages") containing text, photos, videos, locations, and contacts, while FaceTime enables those users to conduct audio and video calls.

c.  iCloud is a cloud storage and cloud computing service from Apple that allows its users to interact with Apple's servers to utilize iCloud-connected services to create, store, access, share, and synchronize data on Apple devices or via icloud.com on any Internet-connected device. For example, iCloud Mail enables a user to access Apple-provided email accounts on multiple Apple devices and on iCloud.com. iCloud Photo Library and My Photo Stream can be used to store and manage images and videos taken from Apple devices, and iCloud Photo Sharing allows the user to share those images and videos with other Apple subscribers. iCloud Drive can be used to store presentations, spreadsheets, and other documents. iCloud Tabs and bookmarks enable iCloud to be used to synchronize bookmarks and webpages opened in the Safari web browsers on all of the user's Apple devices. iCloud Backup allows users to create a backup of their device data. iWork Apps, a suite of productivity apps (Pages, Numbers, Keynote, and Notes), enables iCloud to be used to create, store, and share documents, spreadsheets, and presentations. iCloud Keychain enables a user to keep website username and passwords, credit card information, and Wi-Fi network information synchronized across multiple Apple devices.

d.  Game Center, Apple's social gaming network, allows users of Apple devices to play and share games with each other.

6

e. Find My iPhone allows owners of Apple devices to remotely identify and track the location of, display a message on, and wipe the contents of those devices. Find My Friends allows owners of Apple devices to share locations.

f. Location Services allows apps and websites to use information from cellular, Wi-Fi, Global Positioning System ("GPS") networks, and Bluetooth, to determine a user's approximate location.

g. App Store and iTunes Store are used to purchase and download digital content. iOS apps can be purchased and downloaded through App Store on iOS devices, or through iTunes Store on desktop and laptop computers running either Microsoft Windows or Mac OS. Additional digital content, including music, movies, and television shows, can be purchased through iTunes Store on iOS devices and on desktop and laptop computers running either Microsoft Windows or Mac OS.

25. Apple services are accessed through the use of an "Apple ID," an account created during the setup of an Apple device or through the iTunes or iCloud services. The account identifier for an Apple ID is an email address, provided by the user. Users can submit an Apple-provided email address (often ending in @icloud.com, @me.com, or @mac.com) or an email address associated with a third-party email provider (such as Gmail, Yahoo, or Hotmail). The Apple ID can be used to access most Apple services (including iCloud, iMessage, and FaceTime) only after the user accesses and responds to a "verification email" sent by Apple to that "primary" email address. Additional email addresses ("alternate," "rescue," and "notification" email addresses) can also be associated with an Apple ID by the user. A single Apple ID can be linked to multiple Apple services and devices, serving as a central authentication and syncing mechanism.

7

26.     Apple captures information associated with the creation and use of an Apple ID. During the creation of an Apple ID, the user must provide basic personal information including the user's full name, physical address, and telephone numbers. The user may also provide means of payment for products offered by Apple. The subscriber information and password associated with an Apple ID can be changed by the user through the "My Apple ID" and "iForgot" pages on Apple's website. In addition, Apple captures the date on which the account was created, the length of service, records of log-in times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to and utilize the account, the Internet Protocol address ("IP address") used to register and access the account, and other log files that reflect usage of the account.

27.     Additional information is captured by Apple in connection with the use of an Apple ID to access certain services. For example, Apple maintains connection logs with IP addresses that reflect a user's sign-on activity for Apple services such as iTunes Store and App Store, iCloud, Game Center, and the My Apple ID and iForgot pages on Apple's website. Apple also maintains records reflecting a user's app purchases from App Store and iTunes Store, "call invitation logs" for FaceTime calls, "query logs" for iMessage, and "mail logs" for activity over an Apple-provided email account. Records relating to the use of the Find My iPhone service, including connection logs and requests to remotely lock or erase a device, are also maintained by Apple.

28.     Apple also maintains information about the devices associated with an Apple ID. When a user activates or upgrades an iOS device, Apple captures and retains the user's IP address and identifiers such as the Integrated Circuit Card ID number ("ICCID"), which is the serial number of the device's SIM card. Similarly, the telephone number of a user's iPhone is

8

linked to an Apple ID when the user signs into FaceTime or iMessage. Apple also may maintain records of other device identifiers, including the Media Access Control address ("MAC address"), the unique device identifier ("UDID"), and the serial number. In addition, information about a user's computer is captured when iTunes is used on that computer to play content associated with an Apple ID, and information about a user's web browser may be captured when used to access services through icloud.com and apple.com. Apple also retains records related to communications between users and Apple customer service, including communications regarding a particular Apple device or service, and the repair history for a device.

29. Apple provides users with five gigabytes of free electronic space on iCloud, and users can purchase additional storage space. That storage space, located on servers controlled by Apple, may contain data associated with the use of iCloud-connected services, including: email (iCloud Mail); images and videos (iCloud Photo Library, My Photo Stream, and iCloud Photo Sharing); documents, spreadsheets, presentations, and other files (iWork and iCloud Drive); and web browser settings and Wi-Fi network information (iCloud Tabs and iCloud Keychain). iCloud can also be used to store iOS device backups, which can contain a user's photos and videos, iMessages, Short Message Service ("SMS") and Multimedia Messaging Service ("MMS") messages, voicemail messages, call history, contacts, calendar events, reminders, notes, app data and settings, Apple Watch backups, and other data. Records and data associated with third-party apps may also be stored on iCloud; for example, the iOS app for WhatsApp, an instant messaging service, can be configured to regularly back up a user's instant messages on iCloud Drive. Some of this data is stored on Apple's servers in an encrypted form but can nonetheless be decrypted by Apple.

9

30. In my training and experience, evidence of who was using an Apple ID and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

31. For example, the stored communications and files connected to an Apple ID may provide direct evidence of the offenses under investigation. Based on my training and experience, instant messages, emails, voicemails, photos, videos, and documents are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation.

32. In addition, the user's account activity, logs, stored electronic communications, and other data retained by Apple can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information, email and messaging logs, documents, and photos and videos (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account. Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

33. Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

34. Other information connected to an Apple ID may lead to the discovery of additional evidence. For example, the identification of apps downloaded from App Store and iTunes Store may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators. In addition, emails, instant messages, Internet activity, documents, and contact and calendar information can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation.

35. Therefore, Apple's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Apple's services. In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

## CONCLUSION

36. Based on the forgoing, I request that the Court issue the proposed search warrant.

37. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Apple. Because the warrant will be served on Apple, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Jedidiah Hutchison
Postal Inspector
United States Postal Inspection Service

Sworn to and subscribed to before me this ___ day of November 2022,

Hon. Christopher H. Steger,
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

In the matter of the search of:
Information Associated With an iCloud
Account ((442) 500-9951) that is
Stored at Premises
Controlled by Apple Inc.

Case No. 1:22-mj-
Magistrate Judge Steger

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the following device(s) that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at One Apple Park Way, Cupertino, California.

Device(s) associated to the phone number:

**Phone number (USA):**     (442) 500-9951

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

In the matter of the search of:
Information Associated With an iCloud
Account ((442) 500-9951) that is
Stored at Premises
Controlled by Apple Inc.

Case No. 1:22-mj-
Magistrate Judge Steger

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be disclosed by Apple Inc. ("Apple")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Apple. Apple is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

b. All records or other information regarding the devices associated with, or used in connection with, the account (including all current and past trusted or authorized iOS devices and computers, and any devices used to access Apple services), including serial numbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers

("GUID"), Media Access Control ("MAC") addresses, Integrated Circuit Card ID numbers ("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI");

      c.     The contents of all emails associated with the account from January 1, 2021, to the present, including stored or preserved copies of emails sent to and from the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

      d.     The contents of all instant messages associated with the account from January 1, 2021, to the present, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

      e.     The contents of all files and other records stored on iCloud, including all iOS device backups, all Apple and third-party app data, all files and other records related to iCloud Mail, iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iWork (including Pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud

Keychain, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

  f. All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging and query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, iTunes Store and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My iPhone and Find My Friends logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

  g. All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with Location Services, Find My iPhone, Find My Friends, and Apple Maps;

  h. All records pertaining to the types of service used;

  i. All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken; and

  j. All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files).

  Apple is hereby ordered to disclose the above information to the government within 14 day of issuance of this warrant.

II. **Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C. §§ 1111 and 1114, those violations involving Brian Simmons and occurring on or after January 1, 2021, including but not limited to, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) The commission of violent crimes;

(b) Evidence indicating the unlawful use of communication facilities to facilitate the commission of crimes enumerated in 18 U.S.C. §§ 1111 and 1114;

(c) Evidence indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(e) The identity of the person(s) who communicated with the user ID about matters relating to violent crime, including records that help reveal their whereabouts.